UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>             Plaintiff,<br><br>      v.<br><br>SAN JOAQUIN COUNTY SHERIFF'S OFFICE, et al.,<br><br>             Defendants. | No.  2:24-cv-2723 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III.    PLAINTIFF'S COMPLAINT

Plaintiff names the San Joaquin County Sheriff's Office and the San Joaquin County Superior Court as the sole defendants (ECF No. 1 at 2), and alleges the following.  In his first claim, plaintiff states that on October 24, 2021, he was served with a child custody and restraining order, and was ordered to appear on November 23, 2021.  (ECF No. 1 at 3.)  Plaintiff claims he was denied access to the hearing to present a defense, and was told that the Sheriff's Office does not have to transfer plaintiff to a civil matter.  He alleges violations of the First and Fifth Amendments.  Because of the defendants' actions, plaintiff lost all rights to his children.  Plaintiff

claims he saw white men taken to their child custody court dates, and the defendants treated plaintiff differently because of his race. Plaintiff is indigent and could not afford counsel; the defendants took advantage of plaintiff's incarceration and lack of resources to fight for his children, and the court violated his rights by not having plaintiff present during the hearing. (Id. at 3.)

In his second claim, plaintiff alleges the Superior Court denied plaintiff access to the courts by not transferring plaintiff to the court hearing in violation of the First and Fifth Amendments. The Superior Court granted all the requested orders without giving plaintiff a chance to be heard. Ultimately, plaintiff went to trial and was found not guilty of any domestic violence against plaintiff's children or their mother. (Id. at 4.) Plaintiff claims that the mother of his children lied to get custody of their kids, but then came to court and under penalty of perjury stated plaintiff did not do anything to her. Plaintiff alleges he was prevented from appearing at the hearing where he would have been successful. (Id.) Plaintiff adds that his "cause of action accrued 3 years when [he] learned of the injury September 1, 2024." (Id.)

As injuries, plaintiff lost the rights to his children, and sustained emotional pain and suffering. (Id. at 3-4.) Plaintiff seeks money damages. (Id. at 6.)

IV. DISCUSSION

Plaintiff's complaint raises numerous issues with the process received in San Joaquin County and appears to challenge the actions of the state superior court involved in holding hearings and addressing child custody, but this Court lacks subject matter jurisdiction over such challenges.

A. Lack of Jurisdiction: Domestic Relations Exception

The United States Constitution and federal law allow only certain cases in federal court. That limited authority of a federal court is known as its subject matter jurisdiction, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it. See Adkison v. C.I.R., 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). It is well recognized that federal courts do not have jurisdiction to resolve domestic relations disputes involving child custody. See Ankenbrandt v. Richards, 504

U.S. 689, 703 (1992) (domestic relations exception to federal jurisdiction divests federal courts of the power to issue child custody decrees); see also Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the 'custody of minors and a fortiori, rights of visitation.' "). The subject matter of domestic relations and particularly child custody problems is generally considered a state law matter. Buechold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968). "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." Peterson, 708 F.2d at 466 (citation omitted). This is true even where a plaintiff alleges violations of the U.S. Constitution. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Peterson, 708 F.2d at 466 (finding abstention appropriate despite the presence of constitutional issues where the plaintiff sought visitation with children who were wards of the state court). "Long ago [the Supreme Court] observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12, (2004) (quoting In re Burrus, 136 U.S. 586, 593-594 (1890)). For these reasons, the complaint should be dismissed for lack of jurisdiction.

B. Lack of Jurisdiction: Rooker-Feldman

Further, under the Rooker-Feldman doctrine,[1] federal district courts lack subject matter jurisdiction to hear cases that amount to a collateral attack on a final state court judgment. Lance v. Dennis, 546 U.S. 459, 463 (2006). The United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). Rooker-Feldman bars what is, in essence, an appeal from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in

---

[1] The Rooker-Feldman doctrine takes its name from Rooker v. Fidelity Trust Co., 263 U.S. 413, (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

its judicial decision." Id. at 1158.  A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003).  Thus, to the extent plaintiff attempts to raise due process and First Amendment issues concerning his alleged lack of notice or inability to challenge state court proceedings concerning child custody, his challenges are intertwined with the state superior court's rulings on child custody issues, and this Court has no basis to exercise federal subject matter jurisdiction over plaintiff's claims.

      C.  Conclusion

Overall, this Court lacks jurisdiction to hear plaintiff's claims, and the complaint should be dismissed.

IV.    LEAVE TO AMEND

If the Court finds that a complaint should be dismissed for lack of jurisdiction, the Court has discretion to dismiss it with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").  Here, given that child custody issues are outside this Court's jurisdiction, granting plaintiff leave to amend to add additional facts about the state court proceedings would be futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without leave to amend for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jone2723.56

7